## In re Estate of George Spoo.

SUSANNA SPOO, Administratrix, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**EXECUTORS AND ADMINISTRATORS: Power to Order Dismissal of Foreign Suit.** A probate court has power to direct its own administrator to dismiss an action instituted by the administrator in the courts of a foreign state against a defendant who is subject to personal service in this state for personal injury inflicted in this state on the deceased, even though said action is authorized by the Federal Employer's Liability Act to be brought in the courts of said foreign state. (37 G. A., Ch. 293.)

*Appeal from Emmet District Court.*—NELS J. LEE, Judge.

### July 14, 1921.

PROCEEDINGS in probate. The facts fully appear in the evidence.—*Reversed.*

*J. G. Gamble, Ralph L. Read,* and *C. W. Crim,* for appellant.

*Davis, Michel & Morse* and *William S. Johnston,* for appellee.

STEVENS, J.—I.   The Chicago, Rock Island & Pacific Railway Company, a corporation owning and operating a line of railway through the states of Iowa and Minnesota, on the 10th day of July, 1920, filed an application in the office of the clerk of the district court of Emmet County, Iowa, in probate, asking that Susanna Spoo, administratrix of the estate of George Spoo, deceased, be directed to dismiss an action commenced by her as administratrix in the district court of Douglass County, Minnesota, for damages under the Federal Employers' Liability Act for the death of George Spoo, her husband, which resulted from injuries received at Estherville, Iowa, while employed by the said railway company in interstate commerce.   George Spoo died on or about April 20, 1920, and his wife was appointed administratrix of his estate on or about May 27, 1920.   The application of the said railway company for an order directing the administratrix to dismiss said action is based upon the provisions of Chapter 293, Acts of the Thirty-seventh General Assembly, which is as follows:

"Section 1.   It shall be unlawful for any person, with the intent, or for the purpose of instituting a suit thereon outside of this state, to seek or solicit the business of collecting any claim for damages for personal injuries sustained within this state or for death resulting therefrom, or in any way to promote the prosecution of a suit brought outside of this state for such damages, or to do any act or thing in furtherance thereof, in cases where such right of action rests in a resident of this state, or his legal representative, and is against a person, copartnership or corporation subject to personal service within this state."

Said application is also upon the further ground that the litigation is vexatious, in that it will require the said company to try the case outside of the state where the injuries were received and where its witnesses reside, and will necessarily involve much greater expense than if tried in this state, and will otherwise deprive it of a fair trial.   The application, which asked the court to direct the administratrix to dismiss the action commenced in Douglass County, Minnesota, and, if necessary to carry out said order, that she be removed, was verified, and recites that Davis, Michel & Morse, her attorneys, reside in Minneapolis, and alleges, upon information and belief, that said

attorneys are engaged in what is commonly known as the business of "ambulance chasing," and that the administratrix was solicited to employ them and to prosecute said action in the state of Minnesota. The resistance offered by appellee was her affidavit, which bears evidence of having been carefully drawn. This affidavit recites that she was advised by friends to employ the firm of Davis, Michel & Morse, and that, after employing them, she requested that the suit be brought in the state of Minnesota, and still desires it be prosecuted in said state. No direct evidence was introduced to sustain the allegations of the application of the railway company, made upon information and belief, nor does the affidavit of Susanna Spoo contain a direct denial thereof.

The contention of counsel for appellee is that the proof wholly fails to show that the action was commenced, or is being prosecuted, in violation of Chapter 293, Acts of the Thirty-seventh General Assembly; and that, under the specific provisions of the Federal Employers' Liability Act, the Minnesota court has jurisdiction of the action in Douglass County; and that the district court of Emmet County, Iowa, is wholly without jurisdiction or authority to require the dismissal thereof, or to control or direct the administratrix in the premises.

It is assumed apparently by the attorneys upon both sides that the district court of Emmet County, sitting in probate, has such jurisdiction and authority over the acts of the administratrix as to enable it to require her to dismiss the Minnesota suit, if prosecuted in violation of Chapter 293, Acts of the Thirty-seventh General Assembly, unless the provisions of the Federal Employers' Liability Act are exclusive, and operate to restrict the jurisdiction of the probate court to control or direct the acts of said administratrix.

This court construed Chapter 293, Acts of the Thirty-seventh General Assembly, in *Wabash R. Co. v. Peterson*, 187 Iowa 1331. In that case, we said:

"It is true that soliciting only is made punishable, and true there is no evidence of solicitation. But does it follow that the act condemns nothing but the solicitation? So to hold is to overlook that the unsolicited suit works precisely the same hardship that it does when solicited. We conclude that there is

power and right to restrain such suit as the one at bar, because, whatever was actually intended, such suit is an evasion of the public policy of this state. Case law dealing with such injunctions has been greatly concerned with whether the bringing of certain suits was violative of public policy. We are relieved from that investigation because the legislature is the supreme interpreter of what is sound public policy, and the bringing of such suits as the one before us has been authoritatively declared to be contrary to public policy of this state. And the act has cleared up the difficulty that has at times been found where the complainant was a corporation. For the statute expressly places corporations who may be served with notice in Iowa in the class against whom such suits as this may not be maintained.''

Proof of solicitation is not necessary. The facts of this case bring it squarely within our holding in the *Peterson* case, and the decision therein is controlling here. The commencement and prosecution of this action by the administratrix outside of the state of Iowa violated Chapter 293, as construed in the above case; and, unless deprived of jurisdiction by the operative effect of the Federal statute, it was as much the duty of the district court, sitting in probate, to exercise its authority to control and direct the acts of the administratrix, in harmony with the statute and the rule announced in the *Peterson* case, as it would have been the duty of the court to restrain the prosecution of such action, had an action been commenced in equity for that purpose.

II. The Federal Employers' Liability Act, as amended, provides:

''Under this act an action may be brought in a circuit court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States.'' U. S. Comp. Stat., 1916, Section 8662.

It further requires that actions brought thereunder for

damages on account of the death of an employee must be prosecuted in the name of his personal representative. The Federal statute, however, makes no provision for the appointment of an administrator. This is left to the state court having jurisdiction of the appointment of administrators and of the administration of estates. We find nothing in the provisions of the act of Congress in any way limiting, restricting, or interfering with the jurisdiction or power of the state court having jurisdiction of the administration of estates to exercise its usual authority and control over the acts and doings of administrators. They are officers of the court, and exercise their duties under its direction.

The administratrix resides at Estherville, Emmet County, this state, through which the Chicago, Rock Island & Pacific Railway Company operates its line of railway. Both the state and Federal courts in Iowa were open to the administratrix of the estate of George Spoo. Had she commenced an action therein, she would have been within the jurisdiction of the probate court of Emmet County, and subject to its legitimate control at all stages of the proceedings. We are of the opinion that Congress did not intend, by conferring concurrent jurisdiction upon the state courts, to interfere with the usual jurisdiction and authority of the probate court having jurisdiction over the administrator and estate of a deceased employee of the railway company engaged in interstate commerce, to control the acts of his personal representative. The provision of the statute requiring actions to recover damages for the death of an employee in the name of the personal representative is a recognition of the authority and jurisdiction of the state court. Manifestly, Congress did not intend to hinder or in any way interfere with probate courts in the proper administration of the estate of a deceased employee of an interstate railway, or to limit its authority over its officers.

We have found no decision of the Supreme Court of the United States in which the question under consideration is discussed, and the only decision of a state court of which we have knowledge is that of *Reed's Admr. v. Illinois C. R. Co.*, 182 Ky. 455 (206 S. W. 794), a decision of the Kentucky Court of Appeals.

In that case, the court held that the Federal statute imposed no limitation upon the jurisdiction or authority of the state court. It is true that the Supreme Court, in *Mondou v. New York, N. H. & H. R. Co.*, 223 U. S. 1 (56 L. Ed. 327), held that a state court could not refuse to take its jurisdiction of an action brought therein for damages under the Federal Employers' Liability Act; but the Supreme Court has always recognized that the sovereignties are distinct, and that neither can interfere with the proper jurisdiction of the other. The courts of this state have never refused to take jurisdiction of actions prosecuted under the Federal act, and we do not believe Congress intended to in any way interfere with or impair the jurisdiction of the state court, or to hinder the probate court in the exercise of its jurisdiction over administrators and the administration of estates. None of the Federal cases cited by the appellee are decisive.

It is, therefore, our conclusion that the court below erred in overruling the application of appellant for an order directing Susanna Spoo, administratrix, to dismiss the action commenced and pending in Douglass County, Minnesota, and its judgment is reversed and the cause remanded for such orders and directions to the administratrix as may be necessary to secure a dismissal and withdrawal of the prosecution of the cause in the state of Minnesota.—*Reversed and remanded.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.