JOHN BARTON PAYNE, Agent, et al., Appellants, v. IRA KNAPP, Appellee.

**ACTIONS: Venue—Conflict of Laws.** State statutes declaring unlaw-
ful the maintenance in another state by a resident of this state of a personal injury action when the defendant is subject to service in this state (Ch. 293, Acts 37 G. A.), must yield, when the injury arises out of interstate commerce, to the Federal Employers' Liability Act, providing that actions for injuries arising out of interstate commerce may, *inter alia*, be maintained in the Federal and *state* courts of the district in which the defendant shall be doing business.

**RAILROADS:**  Federal Control—Orders in re Venue.  The orders of the
2    director general of railways, made during the time of Federal con-
trol, as to the *venue* of actions for personal injuries, were superseded
by the Federal Transportation Act, wherein Federal control was re-
leased, and wherein it was provided that causes of action arising
out of Federal control and then undisposed of, might be brought in
"any court which, but for Federal control, would have had jurisdic-
tion * * *."

**INJUNCTION:**  Subject of Protection—Action in Foreign Jurisdiction.
3    Assuming, *arguendo*, that equity, irrespective of statutes on the sub-
ject, has supervision over the maintenance in a foreign jurisdiction
by a resident of this state of a personal injury action when the
defendant is subject to service in this state, yet fraud, undue hard-
ship, or oppression must be made to appear.  Evidence held insuf-
ficient to so show.

*Appeal from Appanoose District Court.*—D. M. ANDERSON,
Judge.

SEPTEMBER 28, 1923.

OPINION ON REHEARING, APRIL 1, 1924.

ACTION in equity, to enjoin the defendant from prosecuting
in a Missouri court a suit for personal injury upon a cause of
action accruing in Iowa.  From a decree denying the relief
asked, the plaintiffs appeal.—*Affirmed.*

*Hughes, O'Brien & Taylor* and *Wilson & Smith,* for appel-
lants.

*Howell, Elgin & Howell* and *Hubbell Bros.,* for appellee.

VERMILION, J.—It is alleged in the petition that the de-
fendant, Knapp, a resident and citizen of Appanoose County,
Iowa, brought suit in Grundy County, Missouri, against the
1. ACTIONS: venue:  plaintiffs herein, to recover damages for injuries
   conflict of laws.  alleged to have been received by him in Iowa,
while in the employ of the director general of railways, operat-
ing the lines of the plaintiff Chicago, Milwaukee & St. Paul
Railway Company.  Such proceeding is alleged to be in violation

of Chapter 293 of the Acts of the Thirty-seventh General Assembly; to be oppressive, and brought for the purpose of obtaining an unfair advantage over the defendants therein, the plaintiffs herein. The prayer is for an injunction restraining the maintenance of such proceedings in Grundy County, Missouri, or any other action growing out of the matters set up in that action elsewhere outside the state of Iowa.

The answer admits the commencement and pendency of the action in the state of Missouri, to recover for an injury alleged to have been received by the defendant herein in Iowa, while in the employ of the director general and on the railway of the plaintiff company.

Upon a trial, it appeared, without dispute, that, at the time of his alleged injury, the defendant herein was, and had continued to be, a resident and citizen of Appanoose County, Iowa; that, on January 13, 1919, while in the employ of the director general of railways, and on the line of the plaintiff company, he received an injury in the course of his employment; and thereafter, on December 23, 1920, by his attorneys, Hubbell Bros., of Trenton, Missouri, he brought an action in Grundy County, Missouri, to recover therefor. It was alleged in the petition filed in the Missouri court that the defendants therein were engaged in interstate commerce, and that the plaintiff therein was, at the time of his injury, employed and engaged by the defendants in interstate commerce.

It is unnecessary to go further into the facts shown on the trial. The court below denied the relief asked, and the plaintiffs prosecute this appeal.

Chapter 293 of the Acts of the Thirty-seventh General Assembly provides, in substance, that:

"It shall be unlawful for any person, with the intent, or for the purpose of instituting a suit outside of this state, to solicit the business of collecting any claim for damages for personal injuries sustained within this state * * * or in any way to promote the prosecution of a suit brought outside of this state for such damages, * * * where such right of action rests in a resident of this state, * * * and is against a person, copartnership or corporation subject to personal service within this state."

It was held in *Wabash R. Co. v. Peterson*, 187 Iowa 1331,

that under this statute injunction would lie to restrain the
prosecution in a foreign state of an action arising in this state
between a resident of the state and one suable in this state,
where it appeared that the defendant therein would be put to a
substantial and needless disadvantage in making defense by
deposition, or incurring nonrecoverable expense of transporting
witnesses to the foreign state. In the case of *In re Estate of
Spoo,* 191 Iowa 1134, an administrator appointed in this state
was required to dismiss an action instituted by him in the court
of a foreign state against a defendant subject to personal service
in this state to recover for an injury inflicted in this state upon
the deceased. It was also held that the Federal Employers'
Liability Act, as amended, providing that actions under the act
might be brought in a proper court of the United States in the
district of the residence of the defendant, or in which the cause
of action arose, or in which the defendant should be doing busi-
ness at the time of commencement of such action, and that
jurisdiction of the courts of the United States should be con-
current with that of the courts of the several states, did not
limit or restrict the power or jurisdiction of the state court to
exercise such authority and control over an administrator ap-
pointed by it as was done in that case, where it is expressly or
tacitly admitted that the probate court has authority to direct
the course of litigation on the part of an administrator.

In the case of *Chicago, M. & St. P. R. Co. v. Schendel,* 292
Fed. 326, decided by the United States Circuit Court of Appeals
for the eighth circuit, since the trial of this cause in the court
below, it was held that the statute of the state above referred
to, as heretofore construed by this court, was unconstitutional,
in that it deprived one claiming a right to recover for a personal
injury under the Federal Employers' Liability Act of the right
given by that act to sue in the Federal court in any district
where the defendant was doing business. It was said:

"The Iowa public policy cannot destroy this Federal right.
In a conflict between such policy and a Federal right given to
a citizen of Iowa, the public policy must yield. The Constitu-
tion and laws made thereunder are the supreme law of the land,
and are as much the law of the state as are the state enactments.

A state cannot confer jurisdiction on a Federal court, nor can it take it away."

In that case, it is true, the action for recovery of the damages alleged to have been sustained was commenced in the United States district court for the District of Minnesota, and the action of the state court complained of was an injunction restraining the witnesses from testifying in any case brought to recover such damages in any court save the state court of Linn County, Iowa, or the United States district court for the Northern District of Iowa. But, in view of the holding that the act of Congress confers upon a claimant a right that cannot be taken away by state legislation, to bring an action under the Federal Employers' Liability Act in any Federal court designated by the act, and also gives concurrent jurisdiction to any state court of competent jurisdiction, it must follow that the latter right is also one that the state cannot by legislation impair. In other words, since the act confers concurrent jurisdiction of actions brought under it upon certain designated Federal courts and also upon certain state courts of competent jurisdiction, the right, being given by Federal statute, to resort to the latter, must be as immune from state prohibition as is the right to enter the former. See *Spokane & I. E. R. Co. v. Campbell*, 241 U. S. 497 (60 L. Ed. 1125); *Erie R. Co. v. Winfield*, 244 U. S. 170 (61 L. Ed. 1057).

With respect to a right arising under the Constitution or laws of the United States, the decision of the courts of the United States is controlling upon the state court. *First Nat. Bank v. City Council*, 150 Iowa 95; *Midland Linseed Co. v. American L. F. Co.*, 183 Iowa 1046; *Wright v. Interurban R. Co.*, 189 Iowa 1315; *Bennett v. Atchison, T. & S. F. R. Co.*, 191 Iowa 1333; *Des Moines Nat. Bank v. Fairweather*, 191 Iowa 1240. It necessarily follows that Chapter 293 of the Acts of the Thirty-seventh General Assembly cannot operate to prevent one claiming under the Federal Employers' Liability Act from bringing suit in any court where, under that act, he is authorized to sue.

At the time of the injury for which appellee seeks to recover in the Missouri action, the railway was under Federal control, and was being operated by the director general, appointed by

2. RAILROADS:
Federal control:
orders *in re*
venue.
the president pursuant to authority conferred by Congress. During the time of Federal control, under general orders of the director general designated as Nos. 18 and 18-a, it had been provided that all suits against carriers, while under Federal control, must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose. There is some contention that these orders are controlling in the present case.

By the act of February 28, 1920, known as the Transportation Act, Congress provided that Federal control of the carriers should terminate at 12:01 A. M. of March 1, 1920, and by Section 206 of the act it was provided as follows:

"Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the president of the railroad or system of transportation of any carrier * * * of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the president for such purpose. * * * Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or Federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for Federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

That the effect of this section was to supersede the general orders of the director general relating to the place where actions on causes arising out of Federal control should be thereafter brought, would seem plain. *Davis v. Young* (Tex. Civ. App.), 248 S. W. 409; *Davis v. Crossman* (Tex. Civ. App.), 249 S. W. 540; *Whalen Paper & Pulp Mills v. Davis,* 288 Fed. 438; *Davis v. Parrington,* 281 Fed. 10.

The action in Missouri was commenced December 23, 1920, after the termination of Federal control, to recover for an alleged injury received while the appellee was engaged in interstate commerce in the employ of the director general, during Federal control. It is, then, an action at law based on a cause of action arising out of the operation of the railroad by the president,

and is, obviously, of such character as, prior to Federal control, could have been brought against the company, and is within the above quoted provision of the Transportation Act, authorizing such actions to be brought in any court which, but for Federal control, would have had jurisdiction against such carrier. It is not questioned that the Missouri court in which the action was brought would have had jurisdiction, had it not been for Federal control. Moreover, the action being against the United States for an act arising out of its control and operation of the railway, the remedy exists only by reason of the consent of the United States to be sued. Such consent is to be found only in the Transportation Act. *Whalen Paper & Pulp Mills v. Davis,* supra; *Walters v. Payne,* 292 Fed. 124. The remedy, while limited by the terms of the consent, is also as broad as those terms. It is clear that the provisions of the Transportation Act relating to the place of bringing suit after the termination of Federal control, and not the terms of an order by the director general with respect to the place of bringing suit during Federal control, must govern in this case.

The trial court was of the opinion that it was not shown that the appellants would suffer irreparable injury by the defense of the action in Missouri; that the expense and inconvenience of so doing would not be materially greater than that necessarily suffered in defending against the claim in Iowa; and that the case, for that reason, was distinguishable from the *Peterson* case; and that the statute referred to was not violated.

3. INJUNCTION: subject of protection: action in foreign jurisdiction.

In view of the conclusion reached, it is unnecessary to examine the situation in this respect further than to say that it is not such as to warrant the interference of the court upon general equitable grounds, aside from the statute. Conceding that, without regard to the state statute, the general right to bring a transitory action in any court, whether foreign or domestic, having jurisdiction of the persons and subject-matter, is, nevertheless, subject to equitable supervision, in a proper case, to prevent fraud, undue hardship, or oppression, we think the record in this case does not warrant such an interference. An allegation in the petition that appellee's attorneys solicited the employment is entirely without support in the evidence.

The county where the Missouri action is pending is not so far removed or so inaccessible from the residence of the witnesses as to indicate that any undue hardship will be imposed upon the appellants, and no circumstances are shown from which it is made to appear that the action was there commenced for the purpose of defrauding the defendants therein or preventing a fair trial. *Jones v. Hughes,* 156 Iowa 684; *Chicago, M. & St. P. R. Co. v. McGinley,* 175 Wis. 565 (185 N. W. 218).

Since the local statute does not afford a basis for restraining a resident of this state from prosecuting, in a foreign court of competent jurisdiction, a claim arising in this state under the Federal Employers' Liability Act, the judgment must be, and is,—*Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.