BANKERS LIFE COMPANY, Appellee, v. RUTH WHITLATCH LORING et al., Appellants.

No. 41686.

SEPTEMBER 19, 1933.

REHEARING DENIED JANUARY 19, 1934.

E. A. Johnson and Raymond N. Klass, for appellants.

Wheeler, Elliott, Shuttleworth & Ingersoll, for appellee.

ANDERSON, J.—The appellant Raymond N. Klass is an attorney residing and practicing law in Cedar Rapids, Iowa, and as such

brought three separate suits against the appellee, Bankers Life Insurance Company, in Freeborn county, Minnesota. Two of such actions being brought in the name of Ruth Whitlatch Loring, one of the appellants, herein, and the other in the name of Clara E. Welch. Both of the plaintiffs in the Minnesota cases were and are residents of Iowa. The defendant in each of the actions pending in the state of Minnesota, the plaintiff and appellee here, is a life insurance corporation organized under the laws of the state of Iowa, with its principal place of business in the city of Des Moines, Polk county, Iowa. All of the cases commenced and pending in the courts of Minnesota were upon life insurance policies issued by the said insurance company in Iowa.

The testimony fairly shows that there was some controversy between the defendant Klass and the insurance company over the settlement of alleged claim in behalf of Clara E. Welch, the plaintiff in one of the Minnesota actions. And upon the failure of the insurance company to negotiate for an adjustment of such claim and its denial of liability thereon, the said defendant Klass stated to it, in substance, that, if the claim was not settled, he would cause the insurance company the trouble and expense of defending an action thereon in a state other than Iowa, and that any other cases he might have against the company he would also commence and prosecute in a foreign state. That it was going to cost the company a lot of money to defend that and other claims. He also questioned the integrity and character of two certain attorneys in Iowa City who represented the claimant Clara E. Welch in a prior settlement of her alleged claim. He also stated that he was through trying cases in Iowa; that he felt that he could get justice in the courts of Minnesota and not in the courts of Iowa; he also intimated that there was some political influence exerted over the courts of Iowa, and that he would bring any actions he had on neutral ground. After the attempted settlement of the alleged claim of Clara E. Welch, the defendant Klass, as attorney, brought an action upon the claim in the district court of Minnesota, as well as two actions upon alleged claims against the same insurance company in behalf of Ruth Whitlatch Loring, one of the defendants in this action. The record shows, as we have stated, that all parties in the Minnesota actions are residents of the state of Iowa; that all records of the insurance company are kept at its home office in Des Moines, Iowa, and that a large number of such records would have to be removed

from the home office to the state of Minnesota in making defense to the actions there pending; that all of the witnesses necessary for the defense of said actions reside in Iowa, and that it would be necessary to transport such witnesses from various points in Iowa to the county in which the actions are pending in Minnesota, or to take their testimony by deposition, if they refused to voluntarily appear in the courts of Minnesota; that it would incur a considerable amount of expense in transporting the witnesses to the state of Minnesota and keeping them there during the trial of the cases; and that much of such expense would be nontaxable as costs in the actions; that it would entail an additional expense and a great inconvenience in removing necessary records from the home office of the insurance company in Des Moines, Iowa, to the state of Minnesota. There was testimony by a Mr. Lorentzen, an attorney representing the insurance company in the defense of the Loring cases pending in Minnesota, that the records, and documents reasonably necessary to have available in the defense of the Minnesota cases, are in daily use by the company in Des Moines, and that it would be impossible to anticipate the evidence of the plaintiff so that the defense testimony could be presented by depositions. The record further shows that the insurance company filed answer in each of the actions pending in Freeborn county, Minnesota.

The plaintiff claims that, by the further continuance of the prosecution of the actions in Minnesota, it will be put to additional and needless expense and nontaxable costs; that it will be subjected to a trial before a court of a foreign state which must ascertain the law through imperfect methods of proof, and which court will not take judicial notice of the laws of Iowa, which laws govern and are determinative of the rights of the parties under the contracts sued upon; that the said actions pending in the state of Minnesota were instituted by the defendant Klass, as attorney for the plaintiffs, for the purpose of attempting to coerce a settlement of the pretended claims by vexatious, costly and inconvenient litigation; and that said actions were brought in said state of Minnesota by the defendants in this action in bad faith and for the purpose of vexing, annoying, harassing, and oppressing the plaintiff. That said actions can be more conveniently and economically tried by all parties in the courts of the state of Iowa.

The defendants traverse the claims and contentions of the plaintiff, and contend that the actions brought in the courts of Minnesota

are transitory actions; that the courts of Minnesota have jurisdiction to entertain the same; that the Bankers Life Company has qualified and is authorized to act and transact business in that state, and that it is subject to the jurisdiction of the courts of Minnesota; that the bringing of the actions here involved in the state courts of Minnesota does not violate any statutes of the state of Iowa; that there is no legal prohibition against bringing and maintaining said suits in said foreign states; and that, by appearing and filing answer in the suits brought by these defendants in the courts of Minnesota, the plaintiff in this action has waived any rights it may have had to question in this proceeding the right of the defendants to further prosecute the actions pending in the courts of Minnesota.

Upon the record thus briefly recited, the district court of Linn county, Iowa, the honorable H. C. Ring presiding entered a judgment and decree perpetually enjoining the said defendants from further prosecuting or maintaining said causes of action pending in the state of Minnesota and from directly or indirectly instituting, maintaining or continuing in any state other than the state of Iowa, any actions or suits founded upon or based in any way on the policies of insurance involved in said actions. From such judgment and decree the defendants prosecute this appeal.

The principal question to be determined in the disposal of this appeal is one of fact as will be disclosed in the following discussion. All of the parties to the actions pending in Minnesota are residents and citizens of the state of Iowa, as is also one of the attorneys, the defendant Raymond N. Klass. The contracts of insurance involved are Iowa contracts. There is no question but what actions upon said contracts are transitory in their nature, and that the courts of Minnesota have jurisdiction to entertain such actions. As to the merit of plaintiff's claims, as made in those actions, we have no concern. The question is then, were such actions brought in good faith and not for the purpose of harassing, annoying, coercing, or vexing the defendant there, and without a purpose and intent of obtaining some undue advantage or subjecting the defendant to unnecessary expense, trouble, and inconvenience in defending the actions.

It was formerly contended that, under the full faith and credit provisions of the United States Constitution, a citizen of one state should be entitled to all the privileges and immunities of the citizens of other states, and have the right to prosecute actions in the

courts of any state of the Union, and that a state court could not restrain one of its citizens from so doing. Such contention did not receive judicial approval, and the doctrine is now well established that, where a party is within the jurisdiction of the court, he may, on a proper showing, be enjoined from prosecuting an action in the courts of another state. Such is the holding of the United States Supreme Court and of a large majority of Supreme Courts of the various states. See 14 R. C. L., 412, and the cases cited under note 18 on that page.

"The relief is generally granted on the ground that from certain equitable circumstances of which the court granting the process has cognizance, it is against conscience that the party inhibited should proceed in the cause. The object is to prevent an unfair use being made of a court of law, in order to deprive another party of his just rights or subject him to some unjust vexation or injury which is wholly irremediable in that tribunal." 14 R. C. L., 409; Tyler v. Hamersley, 44 Conn. 419, 26 Am. Rep. 479.

It must be recognized that the injunction is not directed to the courts of the foreign states but to the parties litigant, who are within the jurisdiction of the court in which the injunction is asked; and although the power thus given should be exercised with care, yet the power exists, and, when it is made to appear necessary to prevent an inequitable thing contrary to good conscience, a court of equity may interpose and grant relief by its restraining arm.

In Ex parte Crandall (D. C. Ind.), 52 F.(2d) 650, the court uses this language:

"That such a court of general equity jurisdiction may ordinarily restrain an action brought by a local citizen against a local resident in a court of a sister state, where the basis of injunctive relief is the inconvenience to witnesses and the additional burden incident to a trial at a place far removed from the residence of the necessary witnesses, is well established."

There is no ruling of any court contrary to the foregoing proposition. There are some cases in which the relief has been denied. In some of these the Federal Employers' Liability Act (45 USCA, sections 51-59) was involved, and in others the facts were held not to warrant the issuance of an injunction. In the case of Payne v. Knapp, 197 Iowa 737, 198 N. W. 62, this court affirmed

a decree of the lower court denying injunctive relief, but on page 743 of the report we find this language:

"Conceding * * * the general right to bring a transitory action in any court, whether foreign or domestic, having jurisdiction of the persons and subject-matter, is, nevertheless, subject to equitable supervision, in a proper case, to prevent fraud, undue hardship, or oppression, we think the record in this case does not warrant such an interference."

The case of Jones v. Hughes, 156 Iowa 684, 137 N. W. 1023, 42 L. R. A. (N. S.) 502, cited and relied upon by the appellant, is not contrary to the general rule, and is not parallel in its facts with the case at bar. There the claimant resided in a border county of Iowa and instituted his action in an adjoining county in the state of Missouri. There was no proof that the action was commenced in bad faith, and no claim that it was for the purpose of harassing, annoying, or vexing the defendant, or causing him undue and unnecessary expense and inconvenience in defending. The court held that there was no good reason shown in the record why the defendant should be enjoined.

The case of Payne v. Knapp, supra, is distinguishable in its facts from the Wabash-Peterson case, 187 Iowa 1331, 175 N. W. 523, and in no way overrules the holding of this court in that case.

In writing the opinion Justice Vermilion of this court specifically distinguished the Payne-Knapp case from the Wabash-Peterson case, and held that the facts did not warrant the issuance of the injunction.

Chicago, M. & St. P. R. Co. v. McGinley, 175 Wis. 565, 185 N. W. 218, was one involving the Federal Employers' Liability Act, and the case was decided under the express provisions of that act. The act referred to gave an injured employee of a railroad the absolute right to maintain his action in any court where the defendant company was doing business, and, under the express provisions of that act, it was held that the employee was not chargeable with bad faith in bringing his action in a state other than where the accident occurred. The court also held that the contention of the railroad company, that the trial of the case in the foreign jurisdiction would entail an additional expense in transporting witnesses, was not without merit, but that the court was not satisfied that the trial of the action in the foreign state would work such a hardship or oppression

as to warrant the intervention of a court of equity to restrain the maintenance and trial of the case. It might also be noticed that there was no claim on the part of the railroad company that the costs of transporting witnesses from Wisconsin to the Minnesota line would be an irreparable damage, nor was any evidence introduced in regard to such nontaxable costs and expense.

The case of Illinois Life Ins. Co. v. Prentiss, 277 Ill. 383, 115 N. E. 554, was expressly repudiated by this court in the Wabash-Peterson case, supra, in which latter case this court used the following language:

"There are some things said in Illinois Life Ins. Co. v. Prentiss, for which it may be reasonably claimed that they are not in accord with our views, and we decline to follow the case."

The foregoing discussion refers to the principal cases relied upon by the appellant and we can find therein no substantial support for the appellants' position in this case.

The case of Wabash Railroad Company v. Peterson, 187 Iowa 1331, 175 N. W. 523, is quite similar in its facts to the case at bar, and we conclude that it is the settled law of this state, and is decisive as to the issues and questions we now have under consideration. It is true that, in the Peterson case, section 13172 of the 1931 Code of Iowa was discussed in the opinion of this court, but the decision did not and could not rest upon the provisions of that section. The facts are quite similar to the facts in the record before us. The incidents upon which the plaintiff in that case based his claims all occurred in Council Bluffs, Pottawattamie county, Iowa. The plaintiff was a resident and citizen of Council Bluffs. He commenced his action in a court in Kansas City, Mo. All of the witnesses necessary to be used in the trial of the case resided in Council Bluffs, Iowa. The action was brought to recover $20,000 for damages alleged to be caused by an assault upon Peterson, the plaintiff, by one Terrell, who was a conductor employed by the defendant company. There was a further claim for damages for $5,000 on account of an alleged wrongful arrest and imprisonment, and $5,000 for an alleged malicious prosecution of the plaintiff. Terrell was named as defendant, and it was alleged that he was a resident of Kansas City, Mo.; however, no service was ever obtained upon him in the jurisdiction of the Missouri court. It is plain that in at least

two of plaintiff's claims, if not all, the provisions of the section of the statute referred to could not apply. Kansas City is approximately 200 miles from Council Bluffs. In the instant case, Albert Lea, Minn., where the actions here sought to be enjoined are pending, is approximately 165 miles from Des Moines, Iowa. In the Peterson case, there were, as in this, allegations that the action was brought in bad faith, and that there was no sufficient reason shown why it should not be prosecuted to a termination in the courts of Iowa.

The argument was advanced in the Peterson case that the Iowa court had no jurisdiction to restrain the prosecution of the suit in a sister state, and that the exercise of such a jurisdiction would be a violation of the guaranties afforded by the Federal Constitution, and in disposing of such contention this court said:

"It is settled by the overwhelming weight of authority, indeed there is no dispute in authority, that such an injunction as is here prayed acts merely upon those who are within the jurisdiction of the court as a regulation of their conduct, and is not an attempt to control the action of the courts in a sister state, and is not in contravention of any right given by the Constitution or laws of the United States.  *  *  *  While the courts will exercise the power cautiously and for substantial reasons only, they have the power, and its exercise is not an interference with the powers of the courts of the sister state"—citing Jones v. Hughes, 156 Iowa 684, 137 N. W. 1023, 42 L. R. A. (N. S.) 502, and other cases.

This court further held that the Missouri suit would work an irreparable and substantial injury to civil and to property rights of a pecuniary nature.

"If not a direct pecuniary loss, it is still a substantial and needless disadvantage to compel one to make defense by depositions when bringing suit in a place where it can be brought without disadvantage to plaintiff will obviate the need of defending by that method.  Needlessly compelling a party to pay for bringing witnesses 200 miles is a direct pecuniary injury.  And it is an irreparable one because the outlays for the purpose are largely nontaxable, and they could not be recovered for, no matter how rich is the party that makes such outlay necessary.  Injunctions such as this one have been sustained when the pecuniary loss was less direct

than this"—citing Freick v. Hinkly, 122 Minn. 24, 141 N. W. 1096, 46 L. R. A. (N. S.) 695; Jones v. Hughes, supra.

The court further stated:

"We hold that the maintenance of the suit in Missouri will cause plaintiff such injury as to warrant the injunction. We are in accord with the statement in section 105 of 1 High, Inj. (2d Ed.) that—'If, upon balancing the convenience and inconvenience likely to result to the different parties, it appears that the questions involved can be more conveniently litigated in the foreign court, an injunction will be refused. And if it be made to appear that the matters in controversy can be more expeditiously adjusted and the ends of justice better attained in the jurisdiction where the parties then are, proceedings in the courts of the foreign country will be enjoined.' "

To the same effect is the holding in the case of Miller v. Gittings, 85 Md. 601, 37 A. 372, 37 L. R. A. 654, 60 Am. St. Rep. 352.

This court further continues in the Peterson case:

"Without reference to actual intention, there is no escaping from the conclusion that on the facts at bar the suit is an instance of vexatious litigation such as is condemned by the quite general concensus of authority. See 2 Story, Eq. Juris. (13th Ed.) section 901; 14 R. C. L. section 109."

In the Wabash-Peterson case it was contended that the defendant had waived its right to the injunction because it had appeared and answered in the Missouri suit. The same claim is made here. And this court disposed of such contention by the statement that waivers are not often based upon acts of compulsion, and that, if the defendant had not answered in the case pending in the foreign jurisdiction, it would have availed nothing to ask for the injunction after a default had been entered against it; and that its appearance and answer did not constitute a waiver. This court held that an injunction should issue restraining the plaintiff and his attorney from further maintaining or continuing the case in the courts of Missouri.

The Wabash-Peterson case was referred to with approval by this court in the latter case in In re Spoo's Estate, 191 Iowa 1134, 183 N. W. 580, and also in the more recent case of Benedict v. Hall Co., 211 Iowa 1312, 236 N. W. 92.

The general propositions discussed and ruled upon in the Wabash-Peterson case are supported by the following cases: Reed's Administratrix v. Illinois Central R. Co., 182 Ky. 455, 206 S. W. 794; Cleveland, C., C. & St. L. R. Co. v. Shelly (Ind. App.), 170 N. E. 328, in which the court quoted at length the Wabash-Peterson case with approval; Wilser v. Wilser, 132 Minn. 167, 156 N. W. 271; Northern Pac. R. R. Co. v. Richey, 132 Wash. 526, 232 P. 355, also quoting with approval Wabash v. Peterson; O'Haire v. Burns, 45 Colo. 432, 101 P. 755, 25 L. R. A. (N. S.) 267, 132 Am. St. Rep. 191; Mason v. Harlow, 84 Kan. 277, 114 P. 218, 33 L. R. A. (N. S.) 234.

In the Kentucky case, Reed's Administratrix v. Illinois Central R. Co., supra, the court used the following language:

"Accordingly, this extraordinary relief will only be granted when the facts plainly show that the institution of the suit in the foreign state was for the purpose of securing to the plaintiff some unfair or unconscionable advantage arising either under law or fact, or that the prosecution of the suit in the foreign state would subject the defendant to such great and unnecessary inconvenience and expense as to make it appear that the foreign forum was selected for the purpose of vexatiously harassing the defendant."

The decision in the cited case sustaining the injunctive relief was based wholly upon the fact that the suit was brought in the foreign state (Minnesota) for the sole purpose of subjecting the defendant to unnecessary expense and inconvenience and to vexatiously harass and annoy it, without securing to the plaintiff any material benefit. And quite pertinent to the situation before us, the Kentucky court said:

"We say she was persuaded by her attorney to do this because it is inconceivable that this woman, under the undisputed facts as we have stated them, would freely or voluntarily leave her home and go to a distant state to bring this suit. But whether this be so or not she must be answerable for what her attorney procured her to do. * * * Under these circumstances, we may well believe, and do so, that the administratrix, under the influence of Anderson [her attorney], was induced to bring the suit in Minnesota in order that the railroad company might be subjected to great and unnecessary expense and inconvenience and for the purpose of vexatiously harassing and annoying it. Probably Anderson adopted this

course with the expectation that the railroad, rather than go to the expense and inconvenience that would attend its defense of the case in the Minnesota court, would pay a substantial sum in settlement; but, whether this was the moving cause or not, it seems clear to us that the only purpose of bringing the suit in the Minnesota court was to harass and annoy the company and subject it to as much expense and inconvenience as possible."

In the case at bar, the record presents facts against the defendants even stronger than there is in the Wabash-Peterson case or any other case which we have been able to discover. Here the attorney representing the plaintiffs in the Minnesota cases expressed a disposition, prior to the commencement of those cases, to harass, annoy, and coerce the defendant company by threats to bring actions against it in a foreign jurisdiction and cause it all the trouble, inconvenience, and expense possible in forcing it into a foreign jurisdicton to defend his threatened actions. Here we have evidence of inconvenience, the incurring of unrecoverable and nontaxable costs and expense, the inconvenient and unsatisfactory method of making its defense by depositions, the necessity of removing its records or part thereof from its home office in Des Moines, Iowa, to the jurisdiction in which the actions are pending in Minnesota, coupled with the fact that all parties are residents and citizens of the state of Iowa, and a strong and almost convincing indication that the actions in Minnesota were brought in bad faith and for the purpose of annoying, coercing, and harassing the Bankers Life Insurance Company, the defendant in the Minnesota cases.

The courts of Iowa have jurisdiction of the parties and the subject-matter of the cases pending in Minnesota, and are open to the defendants. The claims of the plaintiffs in the Minnesota cases can be fairly, impartially, and promptly disposed of by the courts of this state. There is no good reason shown by the defendants in this case why they should be permitted to institute and prosecute their alleged claims in the jurisdiction of a foreign state. We therefore hold that the district court did not err in its judgment and decree in granting the injunction as prayed, and such judgment and decree is affirmed. The motion to strike the denial of and amendment to appellants' abstract is hereby overruled.—Affirmed.

ALBERT, C. J., and STEVENS, KINDIC, MITCHELL, and KINTZINGER, JJ., concur.