## WARFIELD *v*. CHAFFE ET AL.

The petition for the allowance of a writ of error forms no part of the record of the court below; and this court has no jurisdiction to determine a Federal question presented in such petition, but not disclosed by the record sent here from the State court.

ON motion to dismiss a writ of error to the Supreme Court of the State of Louisiana.

*Messrs. Durant* and *Hornor* for the defendant in error, in support of the motion.

*Mr. W. J. Q. Baker* for the plaintiff in error, in opposition thereto.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This action was commenced in the Fourteenth District Court in and for the Parish of Ouachita, La., to recover the amount due upon a note made by Mrs. Warfield, the plaintiff in error, to W. J. Q. Baker, and by him indorsed to the plaintiffs below, — John Chaffe & Brother, — and also to enforce a vendor's privilege. Judgment was asked for the amount claimed to be due upon the note, and also for "fifteen dollars costs of stamping." Attached to the petition was a copy of the note, bearing date May 3, 1867; below which was the following: "Original act duly stamped and cancelled by collector of Third District of Louisiana, this third day of September, 1872. — F. A. Hall, D'y Recorder."

Mrs. Warfield answered the petition; and, among other defences, she insisted that there were not any revenue-stamps on the note when it went into the hands of the plaintiffs, and that they had no authority to put stamps upon it. She thus, by the pleadings, tendered an issue of fact.

The principal contest between the parties was as to the plaintiffs' title to the note; and W. J. Q. Baker was permitted to intervene in his own behalf, and to insist that he was the owner.

At the trial in the District Court, no question as to the stamping of the note appears to have been presented or decided: certainly no testimony was offered on either side in respect to it. All the testimony in the case appears to be incorporated in the record. Judgment having been given against Mrs. Warfield and Baker in the District Court, they each appealed to the Supreme Court, where the judgment was affirmed in July, 1874. In the opinion of the court, which comes here as part of the record, the only reference to the question of stamps which appears is as follows: "The objection that the note was not stamped, not having been made when it was received in evidence, cannot now be considered."

In the petition presented to the Chief Justice of the Supreme

Court of the State for the allowance of this writ, it is stated, for the first time in the case, that the defendant, Mrs. Warfield, claimed the privilege, right, and immunity of being relieved and exempted from all liability on the note or obligation sued on, under the laws of the United States requiring such instruments to be stamped to give them validity at the time the instrument sued upon was executed; and the decision of the Supreme Court of the State denied the claim.

The record sent here from the Supreme Court does not disclose any such claim. The petition for the allowance of the writ in this court is not part of the record of the court below. We act only upon that record; and that does not show that any Federal question was either presented by the pleadings or upon the trial in the District Court, or decided by the Supreme Court.          *Writ of error dismissed for want of jurisdiction.*