## MANNING *v.* FRENCH.

ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 1188. Submitted January 13, 1890. — Decided January 27, 1890.

In an action brought in a state court against the judges of the Court of Commissioners of the Alabama Claims, by one who had been an attorney of that court, to recover damages caused by an order of the court disbarring him, the plaintiff averred and contended that the court had not been legally organized, and that it did not act judicially in making the order complained of; *Held*, that a decision by the state court that the Court of Alabama Claims was legally organized and did act judicially in that matter, denied to the plaintiff no title, right, privilege or immunity claimed by him under the Constitution, or under a treaty or statute of the United States, or under a commission held or authority exercised under the United States.

The decision of a state court that a judge of a federal court acted judicially in disbarring an attorney of the court involves no federal question.

A petition for a writ of error forms no part of the record upon which action is taken here.

MOTION TO DISMISS OR AFFIRM. The case, as stated by the court in its opinion, was as follows.

Jerome F. Manning brought an action of tort in the Superior Court of Massachusetts against James Harlan of Iowa, Andrew S. Draper of New York, and Asa French of Massachusetts, to recover damages for being prevented from acting as an attorney and counsellor in or before the Court of Commissioners of Alabama Claims of the United States, or in relation to any matter of business pending therein, by the defendants, who "falsely pretended to be judges of said Court of Commissioners of Alabama Claims, and actually acted as judges thereof, though in truth and fact neither of them was a

judge thereof." Service was had upon the defendant French, but upon neither of the other defendants, and he, for answer, denied each and every allegation in the declaration. The following statement appears in the record, in the "plaintiff's exceptions," which were allowed by the presiding judge:

"At the trial, which was without a jury, it appeared that the plaintiff, in 1885, was and for many years had been an attorney and counsellor at law duly admitted to practice in the Supreme Court of the United States, in the Court of Claims of the United States, and in all the courts of this Commonwealth; that he acted as an attorney and counsellor before the Court of Commissioners of Alabama Claims, commencing in January, 1875, and ending July 29, 1885; that he presented and prosecuted before said Court of Commissioners about seven hundred and fifty petitions of the class known as 'Alabama Claims,' representing about fourteen hundred claimants and beneficiaries, and thereby became entitled to receive from said claimants and beneficiaries divers sums of money, amounting in all to many thousands of dollars; that the Court of Commissioners of Alabama Claims was established by act of Congress approved June 23, 1874, chapter 459; reëstablished by another act approved June 5, 1882, chapter 195, and continued by another act approved June 3, 1884, chapter 62; that in 1874 said Court of Commissioners adopted, among other rules, the following: 'Rule V. Any person of good moral character admitted to practice as attorney or counsellor in the Supreme Court of any State or Territory or the District of Columbia, or in any of the federal courts, on filing with the clerk a written statement of the date and place of such admission, with his name and post-office address in full, may, on motion, be admitted to practice in this court;' that on January 26, 1875, the plaintiff was, on motion of Robert M. Corwine, Esquire, admitted to practice in said Court of Commissioners; and that on October 5, 1882, said Court of Commissioners adopted certain additional rules, among which was the following: 'Rule XIV. All attorneys admitted to practice in the Court of Commissioners of Alabama Claims as created under the law of Congress approved

June 23, 1874, will be recognized as attorneys in this court, reëstablished under the law of Congress approved June 5, 1882;' but the plaintiff claimed that said rules five and four- teen were unauthorized and of no effect, and that the said Court of Commissioners had no power to create a bar or to admit attorneys thereto or to expel them therefrom."

The record of the proceedings in *In re Manning* in the said Court of Commissioners, duly attested, was put in evidence, which proceedings culminated in an order, made July 25, 1885, that "the said Jerome F. Manning be, and he hereby is, prohibited from appearing and acting in this court in relation to any matter or business therein pending, and from exercising in any way the functions of an attorney and counsellor of this court. This decree to stand until further order of the court." That record also contained a motion to rescind the foregoing order, and the action of the court denying the same.

The exceptions thus continue:

"It also appeared that on the twenty-ninth of July, 1885, said Court of Commissioners made the following order: 'Or- dered, that the clerk of the court is hereby authorized to substi- tute the name of any attorney of this court in place of said Jerome F. Manning in any case upon the receipt of the request in writing from the claimant therein or from his legal repre- sentatives to that effect.'

"It also appeared that the defendant French was commis- sioned and qualified as a judge of said Court of Commissioners on or about July 5, 1882, and not otherwise; and that the defendant Harlan was commissioned and qualified about the same time, and not otherwise; and that the defendant Draper was commissioned and qualified in the year 1885, and not otherwise; and that each of said judges concurred in said orders of July 24, July 25, July 29 and October 15, 1885, touching the plaintiff.

"It also appeared that in addressing the court on July 25, as mentioned in the foregoing record, Robert Christy, Esq., as counsel for the plaintiff, read to said Court of Commission- ers section 725 of the Revised Statutes of the United States and the decisions of the Supreme Court of the United States

in the cases of *Ex parte Robinson*, in 19 Wall. 505, and *Ex parte Bradley*, in 7 Wall. 364, and argued that said commissioners had no power to prohibit the plaintiff from practising before them.

"The defendant French admitted that he concurred with the other members of said Court of Commissioners in issuing and enforcing said orders of July 24 and 29, and that the plaintiff was thereby damaged, and claimed that the said Court of Commissioners had authority to issue and enforce the same, and that any loss sustained by the plaintiff thereby was *damnum absque injuria.*

"The plaintiff introduced evidence tending to show that each of the allegations in his declaration was true, and asked the court to make the following rulings:

"First. That the Court of Commissioners of Alabama Claims had no authority to make the order made by them touching the plaintiff on July 29, 1885, and that the same was unlawful.

"Second. That the defendant French having admitted that he concurred with the other defendants in issuing and enforcing said order of July 29, 1885, and that the plaintiff was thereby injured, the plaintiff is entitled to recover from said French compensation for all losses sustained by him as the direct result of said order of July 29, 1885, and of the enforcement thereof from thence to December 31, 1885.

"Third. That more than two years having elapsed after the reorganization of the Court of Commissioners of Alabama Claims, under the act of June 5, 1882, and after the appointment of the defendant French and the other defendants, but prior to July 24, 1885, the said French and the other defendants had, on said last-mentioned day and thereafter, no lawful authority to act as judges of said Court of Commissioners of Alabama Claims.

"But the court declined so to rule, found the facts to be as stated in said printed record, ruled that the action could not be maintained, and found for the defendants.

"The plaintiff, being aggrieved by the foregoing rulings and refusals to rule, excepts thereto, and prays that his exceptions may be allowed."

The exceptions having been entered in the Supreme Judicial Court of Massachusetts, the cause was there argued and the exceptions overruled on the 21st day of June, 1889, 149 Mass. 391. As to the contention of the plaintiff that the judges who in fact composed the court on July 25, 1885, were not lawfully in office, and particularly that the defendant French was not then lawfully in office, the court said: "It appears that French was commissioned and qualified as judge 'on or about July 5, 1882.' The argument is, that, as by the act of June 5, 1882, the existence of the court was limited to two years, the commission of Judge French had expired before July 25, 1885, when the court passed the order of which the plaintiff complains. It is contended that, when the existence of the court was continued beyond two years by the statute of June 3, 1884, it was necessary that the judges be reappointed in order lawfully to hold their office during the continued existence of the court." The court held that it was unnecessary to consider whether the plaintiff's right in the matter of his complaint would be greater against a judge *de facto* than against a judge *de jure ;* that it did not appear that the judges were originally commissioned for any definite time ; that they would continue to hold their office while the court continued to exist, unless they were lawfully removed; that it was within the power of Congress, by statute, to extend the existence of the court before the original term of its existence expired; and that the judges, by virtue of their original appointment, continued to be judges while the court continued to exist. It was also held that the Court of Commissioners of Alabama Claims had the powers which the statutes conferred upon it, and that under the acts of Congress it had the power to prescribe by rule the qualification of attorneys to be admitted to practice before it, and therefore, the power to determine whether the persons who asked to be admitted had the requisite qualifications, and whether the persons who had been admitted retained the requisite qualifications ; and that " in the exercise of this power, after notice to the plaintiff and a hearing, that court prohibited the plaintiff from further exercising before it the functions of an attorney of the court. Congress had the right

to confer this power exclusively upon that court, to be exercised as a judicial power, and the judges of the court are not liable to individuals for judicial acts done within their jurisdiction. *Randall* v. *Brigham*, 7 Wall. 523 : *Randall, Petitioner*, 11 Allen, 473."

On the first day of July, 1889, judgment for costs was entered for the defendant. The plaintiff, Manning, thereupon sued out a writ of error from this court, and a motion to dismiss or affirm was made by defendant in error.

*Mr. John A. J. Creswell*, on behalf of *Mr. Charles Theodore Russell, Jr.*, for the motion, submitted on *Mr. Russell's* brief.

*Mr. Charles Cowley*, for plaintiff in error, opposing, submitted on his brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Jurisdiction to review the final judgment rendered in this case cannot be maintained upon the ground of the denial by the state courts of any title, right, privilege, or immunity claimed under the Constitution, or some treaty, or statute of, or commission held or authority exercised under, the United States, as the plaintiff in error set up and claimed none such. *Spies* v. *Illinois*, 123 U. S. 131, 181 ; *Chappell* v. *Bradshaw*, 128 U. S. 132. And the decision that the defendant was not liable in damages, because in concurring in the order complained of he acted in his judicial capacity, in itself involved no Federal question. *Lange* v. *Benedict*, 99 U. S. 68, 71. Nor can the plaintiff object that the validity of a statute of, or an authority exercised under, the United States was drawn in question, or that a title, right, privilege, or immunity was claimed under the Constitution, or a statute of, or a commission held, or an authority exercised under, the United States, on the ground that the defendant claimed to exercise an authority under acts of Congress, or under a commission held under the United States, since this was not the plaintiff's con-

tention, but the defendants'; and the state courts decided not against but in favor of the authority, title, right, privilege, or immunity so claimed.

The three rulings asked by the plaintiff and refused by the court, were:

First. That the Court of, Commissioners of Alabama Claims had no authority to make the order entered by them, touching the plaintiff.

Second. That, the defendant French having admitted that he concurred with the other defendants in issuing and enforcing said order, the plaintiff was entitled to recover from him compensation for all loss sustained by him, as the direct result of its entry and enforcement.

Third. That more than two years having elapsed after the reorganization of the Court of Commissioners of Alabama Claims, under the act of Congress of June 5, 1882, and after the appointment of the defendants, but prior to the date of the order, the defendants had no lawful authority to act as judges of said Court of Commissioners.

The court held that the term of the judges had not expired, and that they had authority to make the order, and, therefore, that the plaintiff could not recover, and in so holding decided in favor of the validity of the authority exercised by the defendant under the United States, and of the right he claimed under the statutes of the United States, and the commission held by him.

The petition for the writ of error avers " that said action involves divers Federal questions one of which is whether said acts of Congress authorized said defendants to promulgate or enforce said order, and another of which is whether so much of said acts of Congress as undertakes (if any part thereof undertakes) to authorize the defendants to make such order was not in violation of articles V and VIII of the amendments of the Constitution of the United States, and the decision of said state court was adverse to the plaintiff's contention upon all of said Federal questions."

The grounds thus suggested have been disposed of by what has been said, and it may be added that the petition for a writ

of error forms no part of the record upon which action here is taken. *Clark* v. *Pennsylvania*, 128 U. S. 395; *Warfield* v. *Chaffe*, 91 U. S. 690.

The writ of error must be dismissed for want of jurisdiction.