# Richmond

## UNITED STATES FIRE INSURANCE COMPANY v. SAMUEL R. FLEENOR, ET AL.

March 2, 1942.

Record No. 2485.

Present, All the Justices.

The opinion states the case.

*Donald T. Stant* and *Bradley Roberts*, for the appellant.

*George N. Barnes* (Johnson City, Tenn.) and *George M. Warren*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

United States Fire Insurance Company, a New York corporation domesticated and doing business both in Virginia and in Tennessee, filed a bill in equity to restrain Samuel R. Fleenor and Mary M. Fleenor, residents of the city of Bristol, Virginia, from prosecuting an equity suit which they had commenced in a Tennessee court against the Insurance Company and others. The court below dismissed

the bill upon the ground that it failed to state a case for equitable relief, and the Insurance Company has appealed.

Stripped of extraneous matter the bill alleges these facts:

On November 26, 1939, the Insurance Company issued its policy for $2,000 on a building which the Fleenors owned, on Chester street, in Bristol, Virginia. Under the usual standard mortgage clause loss was made payable to J. C. Leonard, as his interest might appear, he being the trustee in a deed of trust securing a loan of $1,500 on the property. At the time the policy was issued the local agent of the Insurance Company made no inspection of the premises and did not know that the building was vacant or that it had been damaged by fire some years previous. On December 22, 1939, the building was destroyed by fire. The Fleenors filed a proof of loss with the Insurance Company and it denied liability under the policy.

In May, 1940, J. C. Leonard, trustee, filed suit in a Virginia court against the Insurance Company to recover under the policy the balance due on the deed of trust indebtedness, amounting to $1,521.74. The Insurance Company paid Leonard, trustee, the sum of $600 in compromise settlement of this claim and that suit was dropped. A short time thereafter Leonard, trustee, advertised and sold the lot under the deed of trust for the sum of $1,000.

On August 5, 1940, the Fleenors filed a suit in equity in the Chancery Court of Bristol, Sullivan County, Tennessee, against the Insurance Company, its local agent, and Leonard, trustee, alleging that through the collusion of the named defendants, Leonard, trustee, had effected a settlement with the Insurance Company at a much less amount than was due under the policy, and that this had been done in derogation of their (the Fleenors') rights, and without their knowledge and consent. The bill prayed that Leonard, trustee, be required to account for the sums received by him from the Insurance Company and from the sale of the property, and that the Fleenors be given a judgment against the Insurance Company for the amount due under the policy. The Insurance Company filed a plea in abatement in the Tennessee suit and the other defendants demurred to the bill.

At this stage of the proceedings in the Tennessee suit, the Insurance Company, on May 7, 1941, filed in the Corporation Court of the city of Bristol, Virginia, the bill which is now before us. After stating the foregoing facts it was alleged that, since the insurance policy was issued and countersigned in Virginia and covered property located in this State and owned by residents of this State, the rights and liabilities of the parties under the contract were governed by the laws of this State; that under the laws of Virginia the Insurance Company had a number of defenses which would preclude a recovery on the policy; that the laws of Tennessee, with respect to certain of these defenses, were different from and less favorable to the Insurance Company than those of Virginia; and that the Fleenors had instituted their suit in Tennessee for the purpose of evading the laws of Virginia, and of obtaining through the courts of Tennessee relief to which they would not be entitled under the laws of Virginia.

The prayer of the bill was that the Fleenors, as residents of Virginia, be restrained and prohibited from further prosecuting the Tennessee suit against the Insurance Company, and from instituting or prosecuting any other action, suit or proceeding upon the policy except in a court of competent jurisdiction in the State of Virginia.

As has been stated, the trial court dismissed the Insurance Company's bill and this appeal followed.

It is well settled that a court of equity in one State may, and in a proper case will, restrain one of its own citizens from prosecuting an action or proceeding in another State. The basis of this power is the authority vested in a local court over persons within the limits of its jurisdiction, and the right to enjoin them from doing inequitable acts to the wrong and injury of others. 28 Am. Jur., Injunctions, sections 204, 205; 69 A. L. R. 591, note citing numerous cases. See also, Restatement of the Law—Conflict of Laws, section 96, pp. 146-7; The Conflict of Laws—Beale, Vol. 1, section 96.1, pp. 415-6; Pomeroy's Equity Jurisprudence, 5th Ed., Vol. 4, section 1361-b, p. 979; *Baltimore, etc., R. Co.* v. *Kepner*, 314 U. S. 44, 62 S. Ct. 6, 9, 86 L. Ed. —.

But the authorities agree that, "On general principles and on grounds of comity, the power is sparingly and reluctantly exercised, and the relief is not granted except for grave reasons and under very special circumstances." 28 Am. Jur., Injunctions, section 207, p. 392. See also, The Conflict of Laws—Beale, Vol. 1, section 96.1, pp. 415-6; 32 C. J., section 137, p. 116.

While the bill before us alleges that the purpose of the Tennessee suit is to evade the laws of the State of Virginia, by which the rights and liabilities of the parties must be governed, it does not follow from the other allegations that such a result will be obtained. If, as the Insurance Company alleges, the rights and liabilities of the parties are governed by the laws of the State of Virginia, it is elementary that the Tennessee court must apply the Virginia law, and the presumption is that it will do so. Certainly a court of equity in Virginia should not grant an injunction through distrust of the court of its sister State and the fear that the latter may not do its duty. 28 Am. Jur., Injunctions, section 210, p. 395, and cases there cited. See also, *Columbian Nat. Life Ins. Co.* v. *Cross*, 298 Mass. 47, 9 N. E. (2d) 402, 404.

Moreover, it is well settled that the granting or refusing of an injunction in cases of this character depends upon the sound discretion of the court in the light of the facts of the particular case. *McWhorter* v. *Williams*, 228 Ala. 632, 155 So. 309, 310; *Delaware, etc., R. Co.* v. *Ashelman*, 300 Pa. 291, 150 A. 475, 69 A. L. R. 588, 590.

Here there are special circumstances which would unquestionably result in hardship and injustice to the Fleenors if the injunction were granted.

In the first place, the Fleenors have joined as parties defendant in their Tennessee suit, J. C. Leonard, trustee, and the local agent of the Insurance Company. According to the record in the Tennessee suit, which is filed as an exhibit in the suit before us, both of these parties are residents of Tennessee. A Virginia court would, of course, have no jurisdiction of them. Consequently, if the prayer of the bill were granted, and the Fleenors were restrained from

prosecuting their suit in Tennessee against the Insurance Company, they would be unable to obtain complete relief in a single suit. The result will be otherwise if they are permitted to proceed with the Tennessee suit. See *Mc-Whorter* v. *Williams, supra,* where an injunction was refused in a similar situation.

In the next place, the bill alleges that, under the terms of the policy, suit must be instituted thereon within twelve months of the date of the fire. If this be true, the Tennessee suit was instituted within the proper time and yet no suit can now be brought on the policy in Virginia.. In substance, then, the proposition of the Insurance Company is that the insured should be enjoined from prosecuting an action which they have instituted within the proper time in a court of competent jurisdiction in the State of Tennessee, and should be forced to institute another suit in a Virginia court where their claim will be barred. The mere statement of this proposition demonstrates its lack of appeal to a court of equity.

In our opinion the action of the trial court in refusing the injunction and dismissing the bill was plainly right. The decree appealed from is

*Affirmed.*