ATLANTIC COAST LINE RAILROAD COMPANY *v.*
POPE *et al.*

188

No. 17843.   Argued April 15, 1952—Decided May 13, 1952—
Rehearing denied June 11, 1952.

*Jay, Garden & Jay,* for plaintiff in error.

*J. C. McDonald* and *Lewis & Lewis,* contra.

Almand, Justice.   Atlantic Coast Line Railroad Company, hereinafter referred to as the employer, brought its petition in equity to restrain N. E. Pope, hereinafter referred to as the employee, from prosecuting his action in the Circuit Court of Jefferson County, Alabama, under the Federal Employers' Liability Act, for alleged personal injuries sustained in Ben Hill County, Georgia, his place of residence.   The substance of the employer's complaint was that the employee's suit was brought in the Alabama court for the purpose of unreasonably and inequitably burdening the employer and subjecting it to unnecessary and unreasonable inconvenience and expense, and for the purpose of vexatiously harassing and annoying the employer. The prayers were for an injunction restraining the employee from further proceeding in the prosecution of the Alabama suit. The general demurrers of the employee were sustained and the petition was dismissed.   The case is here on a writ of error complaining of that judgment.

■ The power of a court of equity to restrain a person within its· jurisdiction from prosecuting a suit in a court of a foreign State rests upon the basis that the person whom it is sought to enjoin is under the jurisdiction of the court and can be prevented from doing an inequitable thing.   *Engel* v. *Scheuerman,* 40 *Ga.* 206; *Ambursen Hydraulic Construction Co.* v. *Northern Contracting Co.,* 140 *Ga.* 1, 7 (78 S. E. 340, 47 L.R.A. (N. S.) 684). When both parties to an action in a foreign State are domiciled in this State, a court of equity in this State can in· personam direct the parties, by injunction, to proceed no further in such

State. Such power is not to be exercised capriciously, nor to compel litigants to use the courts of this State, nor because the complainant in the equity suit has good reason to apprehend a less favorable result in the foreign court; but it is necessary that the complainant show that the action has for its purpose or necessary effect the obtaining of an inequitable or unconscionable advantage over the complainant. *McDaniel* v. *Alford*, 148 *Ga.* 609 (97 S. E. 673). See Manning *v.* French, 133 U. S. 186; 2 Story's Equity Jurisprudence (14th ed.) § 1224; 4 Pomeroy's Equity Jurisprudence (5th ed.) § 1360. When such power is used, it acts only against the person of the resident plaintiff in the foreign suit, and not against the court itself, and should be exercised where not to exercise the power would be incompatible with equity and good conscience. The consideration in granting an injunction should overbalance the right of the party to bring his action in another State having jurisdiction of the parties and cause of action. O'Loughlin *v.* O'Loughlin, 6 N. J. 170 (78 Atl. 2d, 64); McWhorter *v.* Williams, (Ala.) 155 So. 309. It has been held that a court of equity, upon equitable considerations, may enjoin a resident of the State from maintaining an action in a foreign jurisdiction, which arose in a State having jurisdiction of the parties and cause of action, where the local court had first acquired jurisdiction (Ambursen Hydraulic Construction Co. *v.* Northern Contracting Co., supra); where the foreign action was brought to perpetrate a fraud or to oppress wrongly the opposite party (Missouri Pac. Ry. Co. *v.* Harden, 158 La. 889, 105 So. 2; Chicago, M. & St. P. Ry. Co. *v.* McGinley, 175 Wis. 565, 185 N. W. 218); to obtain an undue advantage (Pere Marquette Ry. Co. *v.* Slutz, 268 Mich. 388, 256 N. W. 458); or to evade the law of the domicile (McWhorter *v.* Williams, supra.) It has also been held that in such cases injunctive relief will be refused where the party can obtain full and adequate relief in the jurisdiction where the action is pending (Bank of Pittsburgh, National Association, *v.* United Electric Coal Co., 9 Del. Ch. 151, 142 Atl. 368; Wabash Ry. Co. *v.* Peterson, 187 Iowa 1331, 175 N. W. 523; Guggenheim *v.* Wahl, 203 N. Y. 390, 96 N. E. 726); or where the relief, if granted, would be unenforceable (Federal Trust Co. *v.* Conklin, 87 N. J. Eq. 185, 99 Atl. 109; Grover *v.* Woodward, 91 N. J. Eq.

250, 109 Atl. 822) ; or where the plaintiff merely prefers his own court (American Express Co. *v.* Fox, 135 Tenn. 489, 187 S. W. 1117) ; or distrusts the court of the foreign State (Columbian Nat. Life Ins. Co. *v.* Cross, 298 Mass. 47, 9 N. E. 2d, 402; United States Fire Ins. Co. *v.* Fleenor, 179 Va. 268, 18 S. E. 2d, 901) ; or because of differences in the laws of the two States as to the measure of damages (Tri-State Transit Co. of Louisiana *v.* Mondy, 194 Miss. 714, 12 So. 2d, 920) ; or because of the possibility of a larger verdict in the foreign action (Boston & M. R. *v.* Whitehead, 307 Mass. 106, 29 N. E. 2d, 916) ; or because of a mere consideration of expense or inconvenience as to the party's witnesses and preparation for trial of the foreign action (Chicago, M. & St. P. Ry. Co. *v.* Schendel, 292 Fed. 326; Missouri-Kansas-Texas R. Co. *v.* Ball, 126 Kan. 745, 271 Pac. 313; Bavuso *v.* Angwin, 166 Kan. 469, 201 Pac. 2d, 1057). For annotations on the subject, "Injunction by State courts against action in court of another State," see 91 A. L. R. 570, 115 A. L. R. 241, 6 A. L. R. 2d, 896. See also "The Doctrine of Forum Non Conveniens," 29 Columbia Law Review 1; Gulf Oil Corp. *v.* Gilbert, 330 U. S. 501 (67 Sup. Ct. 839, 91 L. ed. 1055).

■ It is contended by counsel for the employee that the provisions of the Federal Employers' Liability Act (45 U. S. C. A. § 56), and certain decisions of the United States Supreme Court applying this section of the act, prevent a court of equity in this State from enjoining the employee from maintaining the suit in the Alabama State court; that, under this section of the act, the employee had a right to bring his action in Jefferson County, Alabama, the railroad being subject to the jurisdiction of the courts of that county. It is insisted that the rulings in Baltimore & Ohio Railroad Co. *v.* Kepner, 314 U. S. 44 (62 Sup. Ct. 6, 86 L. ed. 28, 136 A. L. R. 1222), and Miles *v.* Illinois Central Railroad Co., 315 U. S. 698 (62 Sup. Ct. 827, 86 L. ed. 1129, 146 A. L. R. 1104), prohibit the courts of this State from granting injunctive relief in cases of this nature. In the Miles case it was held that section 6 of the Federal Employers' Liability Act prevents a State court from enjoining, on the ground of inconvenience and expense, a resident citizen from prosecuting an action under said act in a State court of another jurisdiction which has jurisdiction of the parties and the cause of action.

The Kepner case held that a State court, where the cause of action arose and where the parties resided, could not enjoin the employee from maintaining his action in a Federal court of another State, upon the ground of inequity, vexatiousness, and harassment. In the Miles case, which was a 5 to 4 decision, Mr. Justice Reed, speaking for the majority, said: "As Congress has permitted both the State and Federal suits, its determination that the carriers must bear the incidental burden is a determination that the State courts may not treat the normal expense and inconvenience of trial in permitted places, such as the one selected here, as inequitable and unconscionable." P. 705. Mr. Justice Frankfurter, in a dissenting opinion, which was concurred in by Chief Justice Stone and Justices Roberts and Byrnes, said: "The power of equity to restrain the prosecution of unconscionable suits has been part of the very fabric of the State courts as we have known them in our whole history. And nothing in the Federal Employers' Liability Act, its language, its history, or its policy, warrants a denial of this power to the States." P. 721.

From what was said by some members of the court in those cases, as to causing employers unnecessary expense and inconvenience in trying cases in courts far removed from where the cause of action arose and the employees resided, it is apparent that they recognized the unfairness to the employers, but were of the opinion that relief could be granted only by Congress, and not by the court. In 1948, Congress enacted section 1404 (a) of Title 28, U. S. C. A., as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Its effect was to adopt in statutory form the doctrine of forum non conveniens, or the principle of Anglo-American law that a court having jurisdiction may decline to exercise it on considerations of convenience, efficiency, and justice. In Ex Parte Collett, 337 U. S. 55 (69 Sup. Ct. 944, 93 L. ed. 1207), the court had before it the question as to whether the 1948 amendment to the Judiciary Act quoted above was applicable to a cause of action under the Federal Employers' Liability Act, brought in a Federal district court of Illinois for a cause of action arising in Kentucky, where the

employee and all the witnesses resided. It was held that this amendment did apply to actions under the Federal Employers' Liability Act, and that the Federal district court of Illinois did not err in transferring the case to Kentucky. In Southern Railway Co. *v.* Mayfield, 340 U. S. 1 (71 Sup. Ct. 1, 95 L. ed. 3), the court had before it the question as to whether or not a State court was free to apply the doctrine of forum non conveniens to a transitory cause of action, where the plaintiff was a resident of a foreign State wherein the cause of action arose. Mr. Justice Frankfurter, who had dissented in the Miles and Kepner cases, speaking for the majority of the court, said that the Missouri court was free to apply the doctrine of forum non conveniens provided it did not contravene any constitutional right of the employee to maintain his action or violate any established rule of State procedure. It was held that there was nothing in the Federal Employers' Liability Act prior to the act of 1948 (28 U. S. C. A. § 1404 (a), supra) which purported to force a duty upon a State court to entertain or retain a suit upon any transitory cause of action "against an otherwise valid excuse." In a concurring opinion, Mr. Justice Jackson said: "The Missouri court appears to have acted under the supposed compulsion of Miles *v.* Illinois Central R. Co., 315 U. S. 698, among others of this court's decisions. The deciding vote in that case rested, in turn, only on what seemed to be compulsion of statutory provisions as to venue. By amendment, 28 U. S. C. § 1404 (a), as interpreted in Ex Parte Collett, 337 U. S. 55, Congress has removed the compulsion which determined the Miles case, and the Missouri court should no longer regard it as controlling. A Federal court in Missouri would now be free to decline to hear this case and could transfer it to its proper forum. Certainly a State is under no obligation to provide a court for two nonresident parties to litigate a foreign-born cause of action, when the Federal Government, which creates the cause of action, frees its own courts within that State from mandatory consideration of the same case." Pp. 5, 6.

From these decisions, it is clear that the rulings in the Miles and Kepner cases, supra, are no longer controlling on the question now before us. It being clear from the decisions in the Collett and Mayfield cases, supra, that the courts in the State

where transitory causes of action are pending have a right to apply the doctrine of forum non conveniens, no sound reason exists why a court of equity, where the employee resides and where the cause of action arose, having jurisdiction of the parties, cannot, in a proper case, on equitable principles, restrain the employee from prosecuting his action under the Federal Employers' Liability Act in a court of a foreign State. Whatever uncertainty was occasioned by the Miles and Kepner cases arose, perhaps, from the sharp conflict in the views of the members of the court, the narrow numerical division of the court, and the wavering circumstances of time and events. At least for the present, the views of the minority in the Miles and Kepner cases are the views of the majority in Ex Parte Collett and Southern Railway Co. *v.* Mayfield, supra. We are bound by controlling decisions of the United States Supreme Court as of today. Sufficient unto the day is the decision thereof.

We are therefore of the opinion that there is nothing in the Federal Employers' Liability Act, or in the currently prevailing decisions of the United States Supreme Court construing this act, that prevents a court of equity in this State from exercising jurisdiction in cases of the character here under consideration.

■ The only question that remains for decision is: did the allegations of the petition of the employer set forth sufficient facts from which the conclusion could be drawn that the action of the employee in a foreign State had for its purpose and necessary effect the obtaining of an inequitable and unconscionable advantage over the employer? We are of the opinion that they did. In substance, the facts alleged in the employer's petition were: The employer transacts business in Ben Hill County, Georgia, and has an office and agent therein. The employee is a resident of that county, and has instituted an action against the employer in the Circuit Court of Jefferson County, Alabama, 313 miles or more distant from the county of his residence, claiming damages in the sum of $10,000 on account of personal injuries alleged to have been sustained by him while in the employ of the employer at Fitzgerald, Ben Hill County, Georgia (a copy of the suit attached to the petition showing that the action was brought under the Federal Employers' Liability Act). The employee had a wide choice of convenient courts within the

State of Georgia in which he might have instituted his action, as well as in the District Court of the United States for the Middle District of Georgia, Americus Division. The employer's witnesses, not less than 6, which it expects to use in its defense of the Alabama suit, reside chiefly in Ben Hill County, and it will be necessary to transport these witnesses to Birmingham, Alabama, at a large expense and maintain them while awaiting and during the trial; the employer would be unable to compel the attendance of witnesses by subpoena, whereas such attendance could be compelled if the action had been brought in Georgia. A trial in Birmingham would entail undue and prolonged absence of essential employees from their customary occupations, and would severely affect the operation of the business of the employer; the employee's action will unnecessarily and unreasonably burden and harass the employer, subjecting it to unnecessary and unreasonable inconvenience and expense, imposing a burden upon the efficient operation of its lines of railroad, which is indispensable to the national defense. The employer "verily believes that defendant's action has been brought at Birmingham, Alabama, not only for the purpose of avoiding a trial at or near his residence or at or near where his alleged cause of action arose, but also for the purpose of vexatiously harassing and annoying the plaintiff and subjecting it to unnecessary and unreasonable inconvenience and expense." The condition of the courts' dockets in this State, which are available to the employee for the prosecution of his action, is such as to permit a fair, speedy, and impartial trial. During the past 24 months counsel for the employee have filed 10 suits against this railroad upon causes of action arising under the Federal Employers' Liability Act; in 9 of these cases the plaintiffs were non-residents of Alabama; and in all of these 9 cases the cause of action arose outside the State of Alabama.

If the defendant had brought this action in a State court of Georgia, which he had a right to do under the Federal Employers' Liability Act, he would have had to bring it in Ben Hill County. Code, § 94-1101. Or, he could have brought it in the Federal court of the district in which the cause of action arose, or in the Federal court of any district in which the railroad was doing business at the time of the commencement of

the action. At that time, the employee had more than one court or place in Georgia in which he could have brought his suit. A trial in any of these jurisdictions would not entail the expense or inconvenience that a trial in Birmingham would involve. The employee in bringing his suit in Alabama could have brought it in any Federal district court in which the employer was doing business in Alabama. If he had done so, the employer could have invoked the doctrine of forum non conveniens, and such Federal court would have had the power to transfer the case to a district court in Georgia, in which it could have originally been brought (Collett case, supra); but the employer could not invoke such doctrine in the pending action in the Alabama court, for the reason that the Alabama Supreme Court held in Ex Parte State ex rel. Southern Ry. Co., 254 Ala. 10 (47 So. 2d, 249) in a case identical with the one here under consideration, that under a statute of Alabama (Alabama Code 1940, Title 7, § 97), it was mandatory that the courts of Alabama take jurisdiction of a transitory cause of action, and that the doctrine of forum non conveniens was not applicable. In selecting a State court of Alabama, the employee has thus denied to the employer the equitable right of invoking the doctrine of forum non conveniens, which it would have had if the action had been brought in a Federal court of that State. Likewise, if the employee had brought his action in either the Northern or Southern District Federal Court in Georgia, the employer would have had the right to invoke such doctrine, and such court would have had the power to transfer the case to the Middle District Federal Court. Under the facts alleged in the petition here under consideration, the employee's action could have been prosecuted in the Superior Court of Ben Hill County, Georgia, without an unreasonable delay. The employee is a resident of Ben Hill County, where the cause of action arose. Most of the witnesses for both parties reside here. If the case is tried in Birmingham, Alabama, 313 miles distant from the employee's home, the employer will be put to the expense of transporting witnesses to and from Birmingham, as well as the expenses incident to their stay there during the trial. The Georgia witnesses cannot be compelled to attend the trial in person; it would entail additional expense in taking their testi-

mony; and the employer would be deprived of having the personal presence of the witnesses before the jury, which it would have in Georgia. Nothing appearing in the petition to justify the employee in selecting a forum more than 300 miles from his home, and where the cause of action arose, other than his right to do so under a Federal statute, and it appearing that the employer will be put to unreasonable expense and inconvenience in trying the case in Alabama, we are authorized to draw the conclusion that the employee's purpose in filing the action in the Alabama court was to obtain an inequitable and unconscionable advantage over the employer. As was said by Mr. Justice Jackson in Miles v. Illinois Central R. Co., 315 U. S. 698 (supra), at page 706: "The judiciary has never favored this sort of shopping for a forum. It has sought to protect its own good name as well as to protect defendants by injunctions against the practice of seeking out soft spots in the judicial system in which to bring particular kinds of litigation." As to similar rulings of courts of other jurisdictions on like facts, see Bankers' Life Co. v. Loring, 217 Iowa 534 (250 N. W. 8); New York, C. & St. L. R. Co. v. Matzinger, 136. Ohio St. 271 (25 N. E. 2d, 349); Reed's Administratrix v. Illinois Central R. Co., 182 Ky. 455 (206 S. W. 794.) Also see 49 Mich. Law Review 1061; 30 North Carolina Law Review, 168.

Our ruling is not in conflict with *Southern Ry. Co.* v. *Parker*, 194 *Ga.* 94 (21 S. E. 2d, 94). That case simply held that the courts of Georgia have jurisdiction over transitory causes of action, though the plaintiff was a non-resident of Georgia and the cause of action arose in another State, the defendant therein being subject to the jurisdiction of the courts of this State. The court there dealt solely with the question of jurisdiction, and expressly declined making any ruling on the question of the power of the court to refuse jurisdiction on the grounds of expense or inconvenience, or its right on equitable grounds to restrain such action. See page 104 of that decision. Nor is our ruling contrary to *McDaniel* v. *Alford,* 148 *Ga.* 609, supra. The action there sought to be enjoined was pending in Hamilton County, Tennessee, only a few miles removed from where the cause of action arose, and from where the parties resided, in Catoosa County, Georgia. There the two counties were sepa-

rated only by a State line. The case of Boyd v. Grand Trunk Railroad Co., 338 U. S. 263 (70 Sup. Ct. 26, 94 L. ed. 55), relied on by counsel for the employee, has no application to the facts in the instant case. It was there held that an agreement between a railroad company and an employee injured by its negligence, which limited the venue of any action by him under the Federal Employers' Liability Act, illegally deprived him of his right to bring his action in any forum, and was void. That case did not involve any question of expense or inconvenience. The recent case of Atlantic Coast Line Railroad Co. v. Wood, decided by the Supreme Court of Florida on April 4, 1952, has been called to our attention. We do not share the view that the Miles case, supra, continues to shackle the State courts of equity.

The petition was sufficient as against the general demurrers of the employee, and it was error to sustain the demurrers and dismiss the action.

*Judgment reversed. All the Justices concur. Duckworth, C.J., concurs in the judgment, but not in all that is said in the opinion.*