36065. ATLANTIC COAST LINE R. CO. *v.* POPE.

DECIDED MARCH 14, 1956.

*Alston, Sibley, Miller, Spann & Shackelford, Daniel B. Hodgson, Wm. B. Spann, Jr.,* for plaintiff in error.

*Hewlett, Dennis, Bowden & Barton, Sam D. Hewlett, Jr.,* contra.

TOWNSEND, J. The defendant makes the following contentions: (a) That the doctrine of forum non conveniens is the expression of an inherent power of courts and exists in Georgia; (b) That in any event it is established as the law of this case that such doctrine exists; (c) That accordingly, under the law and evidence it became the duty of the trial judge to exercise his discretion in determining whether or not the forum was so inconvenient for the defendant as to justify a refusal to entertain the suit, but the statements of the court show that he did not exercise his discretion in the matter, and (d) That if he did exercise his discretion, the judgment is a gross abuse of discretion. Since it appears that the court in overruling the plaintiff's motion to strike this defense adjudicated that the doctrine of forum non conveniens does not exist in Georgia, and that there is no cross-bill of exceptions assigning error thereon, it becomes unnecessary to decide contention (a), and contention (b) is good, insofar as this litigation is concerned. The venue provisions of the Federal Employers' Liability Act as stated in 45 U. S. C. A. § 56 are as follows: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States."

In Missouri ex rel. Southern Railway Co. *v.* Mayfield, 340 U. S. 1 (71 Sup. Ct. 1, 95 L. ed. 3), it was held that whether or not the doctrine of forum non conveniens applied in a State court in a Federal Employers' Liability Act case so as to authorize the court in its discretion to refuse to entertain the action would be a decision based on State rather than Federal law. On

the other hand, Pope *v*. Atlantic Coast Line R. Co., 345 U. S. 379 (73 Sup. Ct. 749, 97 L. ed. 1094) reversed the decision in *Atlantic Coast Line R. Co.* v. *Pope,* 209 *Ga.* 187 (76 S. E. 2d 399). In that case Pope (not the plaintiff here), a resident of Ben Hill County, Georgia, in which county his injury occurred, brought an action under the Federal Employers' Liability Act against the employer railroad company in the circuit court of Jefferson County, Alabama, a State which does not recognize the doctrine of forum non conveniens. The defendant then brought an action in Ben Hill County, Georgia, seeking to enjoin the plaintiff from prosecuting his action in the Alabama court on the ground that that forum would subject it to unreasonable inconvenience, expense and harassment. The trial court sustained demurrers to this petition, and the Supreme Court of Georgia reversed, holding that Georgia had jurisdiction to determine the question presented. This judgment was reversed by the Supreme Court of the United States on the ground that 45 U. S. C. A. § 56, supra "establishes petitioner's right to sue in Alabama."

The reversal by the Supreme Court of the United States of the *Pope* case, supra, is not construed here to constitute any restriction on the part of a sovereign State to determine its own policy. This court recognizes, as the Supreme Court of the United States must, that while Congress may pass an act establishing rights of action and conferring on State courts jurisdiction to hear and determine resultant litigation, Congress has no power to require State courts to accept jurisdiction of such causes of action. However, in the *Pope* case, supra, the action was not brought by Pope under the Federal Employer's Liability Act, a cause of action established by Congress, but was brought against Pope to restrain him from availing himself of rights secured to him under the act. Whether the Supreme Court of Georgia meant by this that in a proper case they would or would not recognize the doctrine of forum non conveniens in this State is not before us. In this case the doctrine must be recognized as the law of the case. Accordingly, we direct ourselves only to the question of whether the order of the trial court is sustainable under contentions (c) and (d) supra.

The statements of Judge Moore that "he did not feel he should assume the plaintiff was bringing a suit to harass, embarrass, or

inconvenience the defendant or to seek out a soft spot for litigation unless evidence was introduced to that effect" is an indication that the court decided the issue against the defendant on the proposition that there was a lack of evidence to support one of its main contentions, and accordingly sustains the presumption that the court did his duty by exercising his legal discretion in the matter. The court then stated that he found the reason for the plaintiff bringing the action in Georgia was a valid one, based on the availability of counsel skilled in the trial of this class of cases, which reason also was supported by the sworn evidence of the plaintiff. To find that there was some inconvenience to the defendant in defending the suit in Atlanta, Georgia, rather than Miami, Florida (both places being several hundred miles away from the scene of the injuries), would not demand an exercise of discretion in refusing jurisdiction of the case. Whether or not such a finding *plus* a finding that the forum was chosen merely to harass and vex, would either authorize or demand a finding that the court's discretion should be exercised to forbid the action, is not before us. The court found against this latter contention, found that the plaintiff had a valid reason for bringing his action in Fulton County, and retained jurisdiction thereof. Such decision was perfectly proper. Furthermore, the courts are committed to the principle of *stare decisis* and accordingly find nothing improper in the trial court inquiring as to precedent for the procedure urged upon him by the defendant.

The trial court did not err in overruling the motion to dismiss without prejudice.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*